IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEIGHBORHOOD MORTGAGE, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:06-CV-1984-JOF |
| | : |
| ANTHONY FEGANS, et al., | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to remand [6-1]; motion to withdraw attorney [20-1]; Defendant Bank of America's motion for summary judgment [24-1]; and Plaintiff's motion to withdraw admissions [30-1].

**I.   Background**

    **A.   Procedural History**

On July 18, 2006, Plaintiff, Neighborhood Mortgage, Inc., filed suit against Defendants, Anthony Fegans, Lawrence Baker, Bank of America, Connie Iverson, BGI Development, LLC, Dwayne Thompson, Thompson Firm, LLC, and various John Does, in the Superior Court of DeKalb County. Defendants Dwayne Thompson, The Thompson Firm, LLC, and Bank of America, N.A., removed the suit to this court on August 23, 2006.

AO 72A
(Rev.8/82)

These Defendants asserted that the court had original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c) because Plaintiff alleged that Defendants violated statutes of the United States, including 18 U.S.C. §§ 1001, 1341, 1343, and 1344.

Plaintiff's complaint alleges: (1) conspiracy, (2) mortgage fraud pursuant to O.C.G.A. § 16-8-102, (3) theft by deception pursuant to O.C.G.A. § 16-8-3, (4) conspiracy to commit a crime pursuant to O.C.G.A. § 16-4-8, (5) fraud and false statements, 18 U.S.C. § 1001, (6) mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344, (7) Georgia RICO, O.C.G.A. §§ 16-14-1, *et seq.*, (8) unjust enrichment, (9) imputed liability/respondeat superior, (10) joint and several liability, (11) punitive damages, and (12) attorney's fees and costs of litigation.

Plaintiff contends that the seven defendants conspired so that Defendant Anthony Fegans could obtain two residential mortgage loans from Neighborhood Mortgage. Plaintiff alleges that Defendant Connie Iverson intentionally overstated the appraised value of the two properties and that Defendants Dwayne Thompson and Thompson Law Firm, LLC, intentionally submitted false information on the HUD-1 statements made in connection with the two loans. Plaintiff also contends that Defendant BGI Development, LLC, which Plaintiff alleges that Defendant Fegans owns at least in part, improperly received a $105,000 payout at one of the loan closings for "property repairs" which Plaintiff avers never occurred. Plaintiff also alleges that it requested information about Fegans' checking account

2

from Defendant Bank of America and that a Bank of America employee, Defendant Lawrence Baker, intentionally and fraudulently provided Plaintiff with incorrect amounts of funds in two verification of deposit forms.

After the complaint had been filed, Plaintiff's counsel filed a motion to withdraw citing failure to pay legal fees. Plaintiff responded that there was a communication problem between Plaintiff and its counsel. It would not be appropriate, however, for the court to intervene in this relationship. Plaintiff's counsel filed a motion to withdraw that complies with this court's local rules. For that reason, the court GRANTS the motion to withdraw attorney [20-1].

### B.     Contentions

Plaintiff contends that Defendants' removal is improper both procedurally and substantively. As to substance, Plaintiff argues that the court does not have original jurisdiction because the federal statutes cited in the complaint are only to show predicate acts for Plaintiff's state law RICO cause of action and further are not necessary to the complaint because Plaintiff cited two other state statutes that can stand as predicate acts. On the matter of procedure, Plaintiff contends that not all Defendants consented to the removal.

Defendants aver that this court has original jurisdiction because the adjudication of Plaintiff's complaint turns on a substantive question of federal law in the federal mail and wire fraud predicate acts. Defendants further contend that the removal was procedurally

3

correct because all Defendants who had been served with the complaint at the time of removal consented to the removal. Finally, Defendant Bank of America files a motion for summary judgment based on Plaintiff's failure to respond to its Request for Admission.

**II.    Discussion**

On a motion to remand, the party that removed the action to federal court bears the burden of proving the existence of federal jurisdiction. *See Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). All doubts with respect to federal jurisdiction should be resolved against removal and in favor of remand to state court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

"Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). In *Jairath*, the plaintiff alleged a state law cause of action based on a breach of duty created by the Americans with Disabilities Act. The Eleventh Circuit applied *Merrell Dow* and found that plaintiff's claims did not arise under federal law because there was no private right of action for damages under the ADA. *Id.* at 1282.

4

AO 72A
(Rev.8/82)

In *Merrell Dow*, the plaintiff alleged that the defendant drug company was negligent, and that its violation of the Federal Food, Drug and Cosmetic Act constituted a rebuttable presumption of negligence. The Court noted the fact that a federal question was an element of a state law cause of action did not "automatically confer federal-question jurisdiction." 478 U.S. at 813. The Court found significant that the Food, Drug and Cosmetic Act itself did not create a private remedy for a violation of branding requirements. Ultimately, the Court held:

> We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Id.* at 817. This is true even where the violation of the statute is a necessary element of a state law cause of action. *See id.* at 813-14.

The Supreme Court again addressed the issue of jurisdiction when a state law claim poses a substantial question of federal law in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). There, the Internal Revenue Service seized real property owned by Grable to satisfy a federal tax delinquency and gave Grable notice by certified mail before selling the property to Darue. *Id.* at 311. Grable did not take any action at that time, and the IRS gave Darue a quitclaim deed to the property. Five years later, Grable filed a quiet title action in state court asserting that Darue's record title was

5

invalid because the IRS failed to notify Grable of its seizure in the manner specified in 26 U.S.C. § 6335(a).  Darue removed the suit to federal district court under federal question jurisdiction "because the claim of title depended on the interpretation of the notice statute in the federal tax law." *Id.*  The Court ultimately held that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal, which would not distort any division of labor between the state and federal courts, provided or assumed by Congress." *Id.* at 310.

In *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000), the plaintiff alleged that General Motors had violated the Vehicle Safety Act and by doing so had committed federal mail and wire fraud.  The court found that establishing the violation of the federal mail and wire fraud statutes would be an essential element of the plaintiff's claims.  The court held that federal jurisdiction was proper because "plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite."  *Id.* at 519.

The court finds *Ayres* distinguishable from the instant case.  There, the court stated that such

> federal-question jurisdiction is available here because, as this opinion makes clear below, a violation of the federal mail and wire fraud statutes is an

6

> essential element of the Plaintiffs' cause of action, the proof of which involves resolution of a substantial, disputed question of federal law. Again, as made clear below, resolution of this case depends entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act.

*Id.* at 518.

The court noted that the plaintiffs' RICO complaint pointed to federal mail and wire fraud statutes as the predicate acts for the RICO cause of action. As a result, the court stated "in a well-pleaded complaint, Plaintiffs' cause of action contains, as an essential element, a federal issue, i.e., whether the Defendants violated the federal mail and wire fraud statutes." *Id.* at 518 n.7.

The court cabined its holding, however, by emphasizing that it found federal question jurisdiction because the case involved both (1) the need for plaintiffs to prove the existence of federal mail and wire fraud crimes as predicate acts, and (2) the fact that proof of the alleged federal mail and wire fraud crimes involved a very substantial federal question. *See id.* at 520. The court went on to state, "[b]ecause we rely on *both* of the facts mentioned [], we need not in this case decide whether either, by itself, is sufficient to confer federal question jurisdiction." *See id.* at 520 n.11 (emphasis in original).

> We recognize that there are district court cases which suggest that a complaint asserting violations of the federal mail and wire fraud statutes as predicate acts to Georgia's RICO statute is not sufficiently substantial to confer federal question jurisdiction. *See Graham Commercial Realty, Inc. v. Shamsi*, 75 F. Supp. 2d 1371 (N.D. Ga. 1998); *Patterman v. Travelers, Inc.*, 11 F. Supp. 2d 1382 (S.D. Ga. 1997). Nothing in those cases suggests a federal question of

7

>   the magnitude involved here, and thus they are distinguishable. We express
>   no opinion as to their correctness.

*Id.* at 520 n.12.

The court finds that the allegations raised in this complaint are more similar to those in *Graham* and *Patterman*. In *Graham*, Judge O'Kelley determined that even though the ten predicate acts cited in the plaintiff's Georgia RICO count were federal criminal offenses, there was no federal question jurisdiction. *See* 75 F. Supp. 2d at 1373. In *Patterman*, where the plaintiff raised claims of federal mail and wire fraud statutes as elements of a Georgia RICO claim, Judge Alaimo held that it was "not sufficiently substantial to confer federal question jurisdiction." *See* 11 F. Supp. 2d at 1388-89. Unlike *Ayres* where the court had to decide whether the federal mail and wire fraud statutes would also constitute a breach of the National Traffic and Motor Vehicle Safety Act, where there is no other federal question, courts have held that the mere citation of federal mail and wire fraud as predicate acts to a state RICO action is not sufficiently substantial to confer federal jurisdiction. *See also Austin v. Ameriquest Mortgage Co.*, 2007 WL 656556 (N.D. Ga. Feb. 27, 2007) (Carnes, J.) (rejecting defendant's reliance on *Ayres* and holding no federal question jurisdiction where plaintiff alleged federal mail and wire fraud violations as predicate acts to Georgia RICO claim). This case is also unlike *Grables* where the underlying issue was one unique to federal taxation.

8

AO 72A
(Rev.8/82)

For the foregoing reasons, the court finds that under these circumstances, the assertion of violations of federal criminal law as predicate acts to a Georgia RICO claim are not sufficiently substantial to confer federal question jurisdiction. The court declines to award costs under 28 U.S.C. § 1447(c). As a result of this ruling, the court need not reach the issue of whether Defendants' removal notice was procedurally valid. Because the court determines that it does not have jurisdiction over Plaintiff's complaint, the court DENIES WITH LEAVE TO RENEW Defendant Bank of America's motion for summary judgment [24-1] and DENIES WITH LEAVE TO RENEW Plaintiff's motion to withdraw admissions [30-1].

### III. Conclusion

The court GRANTS Plaintiff's motion to remand [6-1]; GRANTS motion to withdraw attorney [20-1]; DENIES WITH LEAVE TO RENEW Defendant Bank of America's motion for summary judgment [24-1]; and DENIES WITH LEAVE TO RENEW Plaintiff's motion to withdraw admissions [30-1].

The Clerk of the Court is DIRECTED to REMAND this case to the Superior Court of DeKalb County.

**IT IS SO ORDERED** this 28th day of August 2007.

                                                  s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                            SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)